FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 3 2020 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JAIWANTIE DOOBAY,

       Plaintiff,

  – against –

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

1:19-CV-00070 (AMD)

**ANN M. DONNELLY**, United States District Judge:

  The plaintiff seeks review of the Social Security Commissioner's decision that she was not entitled to disability insurance benefits under Title II of the Social Security Act. For the reasons that follow, I remand the case for further proceedings.

## BACKGROUND

  On October 8, 2014, the plaintiff applied for benefits, alleging disability due to depression, a fractured left ankle, high cholesterol and migraines, with an onset date of April 9, 2014. (Tr. 867-73, 884, 887.) After her claim was denied, Administrative Law Judge Charles Wood held a video hearing on November 30, 2017, at which a vocational expert and the plaintiff, who was represented by counsel, testified. (Tr. 681-701.) The ALJ denied the plaintiff's claim for benefits, concluding that the plaintiff had "the residual functional capacity to perform light work" with limitations: she could "occasionally stoop, kneel, crouch, crawl, climb ramps or stairs, and push or pull controls with the left lower extremity," and could not "climb ladders, ropes, or scaffolds and should avoid concentrated exposure to extreme cold." (Tr. 17-20, 22.) The ALJ found that the plaintiff was capable of performing her past relevant work, as well as other jobs in the national economy. (Tr. 20-22.)

The Appeals Council denied the plaintiff's request for review. (Tr. 1-6.) The plaintiff filed this action on January 4, 2019 (ECF No. 1), and both parties moved for judgment on the pleadings (ECF Nos. 12, 15).

## STANDARD OF REVIEW

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "'[S]ubstantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Richard v. Perales*, 402 U.S. 389, 401 (1971)). "Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,'" the court will not "simply defer[]" "[w]here an error of law has been made that might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984)). Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009).

## DISCUSSION

The plaintiff makes two arguments: (1) that the ALJ's RFC determination is not supported by substantial evidence, and (2) that the ALJ's appointment was improper and unconstitutional.

## I. Challenge to RFC Determination

The ALJ found that the plaintiff had "the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)" with certain exceptions. (Tr. 17.) He based his decision on the opinion of a consultative examiner—Dr. Carol McLean Long—who examined the plaintiff one time in 2015, and determined that the plaintiff had "mild limitations in the ability to squat and sit[,] . . . for standing and walking for long periods or for a long distance, climbing stairs, and carrying heavy objects." (Tr. 19-20, 970.)

The plaintiff claims that the ALJ's decision to rely exclusively on Dr. Long's opinion was error. (ECF No. 13 at 12-17.) According to the plaintiff, Dr. Long's opinion was "vague" and incomplete, and included no mention of the plaintiff's arteriosclerotic heart disease nor any reference to her prior medical records. (*Id.*) The plaintiff also argues that the ALJ did not support his conclusions with any other evidence or explain the basis for his decision. (*Id.* at 15-16.)

The ALJ concluded that the plaintiff had two "severe" impairments: history of left ankle fracture and arteriosclerotic heart disease. (Tr. 14.) These impairments were "determined by medically acceptable evidence including signs, symptoms, and laboratory findings." (Tr. 14.) The ALJ's discussion of the plaintiff's heart disease, which he characterized as a "severe impairment," was brief; he noted that her condition "was managed by her primary care physician," that she "reported no symptoms with this management," that "[s]he specifically denied chest pain, shortness of breath, or palpitations," and that "EKG testing revealed overall normal left ventricular functioning and ejection fraction within normal limits." (Tr. 19.) The ALJ did not, however, discuss or even cite any medical opinion about the extent to which this severe impairment affected the plaintiff's functional limitations. "In the absence of supporting

3

expert medical opinion, the ALJ should not have engaged in his own evaluations of the medical findings." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (quoting *Filocomo v. Chater*, 944 F. Supp. 165, 170 (E.D.N.Y.1996)) (internal quotation marks omitted); *see also Gipps v. Berryhill*, No. 1:17-CV-01171, 2019 WL 1986518, at *6 (W.D.N.Y. May 6, 2019) ("This is not a case where plaintiff suffers relatively little physical impairment, such that the ALJ may render a common sense judgment about plaintiff's functional capacity. The ALJ acknowledged as much by designating plaintiff's cervicalgia, lumbago, headaches/migraines and depression with anxiety 'severe.'").

The ALJ's failure to explain whether or how the plaintiff's heart condition affected the RFC determination is inconsistent with his prior finding that the condition is severe. *See Copeland v. Comm'r of Soc. Sec.*, No. 05-CV-3684, 2006 WL 2095722, at *4 (E.D.N.Y. July 27, 2006) ("[I]nasmuch as a 'severe' impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities,' 20 C.F.R. 416.921(a), the ALJ's list of [the claimant's] severe impairments at step two is inconsistent with his later conclusion that her seizure disorder was 'the only impairment that the claimant has that substantially diminishes her ability to work.'") (quoting the record).

The ALJ's citation to the consultative examiner's opinion—that the plaintiff had "mild limitations in the ability to squat and sit[,] . . . for standing and walking for long periods or for a long distance, climbing stairs, and carrying heavy objects" (Tr. 970)—is not sufficient support, since the consultative examiner does not appear to have reviewed the plaintiff's medical history at all; she noted that the plaintiff had "[n]o history of . . . heart disease," which is obviously not

correct.[1] (Tr. 967-970.) Given this omission, the report does not provide substantial evidence for the ALJ's conclusions. *See Figueroa v. Saul*, No. 18-CV-4534, 2019 WL 4740619, at *26 (S.D.N.Y. Sept. 27, 2019) (finding that the ALJ's RFC determination was not supported by substantial evidence where the ALJ relied heavily on the opinion of a doctor who "did not review all of [the claimant's] relevant medical limitations" and whose "assessed limitations were not consistent with the record as a whole").

On remand, the ALJ should develop the record "to obtain more useful evidence relating to [the plaintiff's] . . . limitations," *Figueroa*, 2019 WL 4740619, at *26, including additional records about her heart disease from a treating physician. "Social Security proceedings are inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). Accordingly, the ALJ has an "affirmative duty to develop the administrative record." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008); *see also Belbusti v. Saul*, No. 3:19-CV-00291, 2019 WL 6768788, at *4 (D. Conn. Dec. 12, 2019) ("The ALJ's reliance on the assessment by the State Agency consultants is problematic because there is no medical opinion from a treating physician, clinician and/or specialist addressing the functional limitations that flow from Plaintiff's physical and mental impairments to support the ALJ's RFC findings.").

## II. Challenge to ALJ's Appointment

Citing *Lucia v. Securities and Exchange Commission*, in which the Supreme Court held that ALJs employed by the Securities and Exchange Commission are inferior officers who must be properly appointed, 138 S. Ct. 2044, 2053 (2018), the plaintiff maintains that the ALJ was unconstitutionally appointed. (ECF No. 13 at 17-21.) She requests a new hearing with a

---

[1] The fact that the plaintiff told Dr. Long "that a 'workup of her heart' found 'nothing specific,'" (ECF No. 16 at 19 (quoting Tr. 968)), does not change the analysis, since it is undisputed that Dr. Long was unaware that the plaintiff had arteriosclerotic heart disease.

5

different and constitutionally appointed ALJ. (ECF No. 13 at 17.) According to the plaintiff, the SSA has acknowledged that its ALJs are not constitutionally appointed, because Acting Commissioner Nancy Berryhill approved all appointments as her own on July 16, 2018. (ECF No. 13 at 18.)

Courts have come to different conclusions about whether a plaintiff waives her Appointments Clause challenge by not raising it at the administrative level. However, "the vast majority of courts that have considered this issue following *Lucia* . . . have concluded that exhaustion before the ALJ is required." *Bonilla-Bukhari v. Berryhill*, 357 F. Supp. 3d 341, 351 (S.D.N.Y. 2019) (collecting cases). Courts in this circuit have adopted the majority view. *See, e.g., id.* at 351-53 (concluding that the plaintiff "waived her Appointments Clause challenge"); *Nestor v. Comm'r of Soc. Sec.*, No. 19-CV-580, 2019 WL 4888649, at *3 (E.D.N.Y. Oct. 3, 2019) ("[A] Social Security claimant who fails to raise an Appointments Clause challenge to an ALJ's appointment at the administrative level waives this challenge."); *Mungin v. Saul*, No. 3:19-CV-233, 2020 WL 549089, at *4 (D. Conn. Feb. 4, 2020) ("The plaintiff forfeited her Appointments Clause challenge by failing to raise this claim at the administrative level."); *McMorris v. Comm'r of Soc. Sec.*, No. 6:18-CV-6118, 2019 WL 2897123, at *11 (W.D.N.Y. June 26, 2019) (finding that the Appointments Clause challenge "should have first been brought up in the administrative proceeding, not in federal court"). In *Lucia* itself, the Court found that Lucia made a timely challenge by contesting the validity of an ALJ's appointment before the Commission. 138 S. Ct. at 2055. Additionally, "Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review." *Nestor*, 2019 WL 4888649, at *2 (quoting *Freytag v. Comm'r*, 501 U.S. 868, 893 (1991) (Scalia, J., concurring in

6

part)) (internal quotation marks omitted). Adopting the majority view, I find that because the plaintiff did not raise this argument at the administrative level, it is waived.

## CONCLUSION

For the above stated reasons, the plaintiff's motion for judgment on the pleadings is granted. The Commissioner's motion for judgment on the pleadings is denied. The case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 3, 2020

                                                s/Ann M. Donnelly
                                                _____
                                                ANN M. DONNELLY
                                               United States District Judge